# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **TANYA WILLIAMS, Individually** \* <br> **and as Personal Representative of the** \* <br> **ESTATE OF ARVEL DOUGLAS WILLIAMS** \* <br> **1015 North Ashburton Street** \* <br> **Baltimore, Maryland 21216** \* <br> \* <br> **and** \* <br> \* <br> **D. J., a minor child** \* <br> **c/o Keilisha Johnson** \* <br> **670 Harpark Court** \* <br> **Edgewood, Maryland 21040** \* <br> \* <br> **and** \* <br> \* <br> **T. W., a minor child** \* <br> **c/o Chrystal Christy** \* <br> **1007 Lakefront** Drive \* <br> **Edgewood, Maryland 21040** \* <br> \* <br> **and** \* <br> \* <br> **K.M. W., a minor child** \* <br> **c/o Rosa Guevara-Alvarenga** \* <br> **1034 Starboard Court** \* <br> **Edgewood, Maryland 21040** **\*** <br> **\*** <br> **and** \* <br> \* <br> **K. X. W., a minor child** **\*** <br> **c/o Rosa Guevara-Alvarenga** \* <br> **1034 Starboard Court** \* <br> **Edgewood, Maryland 21040** \* <br> \* <br> **and** \* <br> \* <br> **C. W., a minor child** \* <br> **c/o Lashea White** \* <br> **106 Jacob Street** \* <br> **Edgewood, Maryland 21040** \* | **CASE NO:** <br><br> **1:17-CV-02381-ELH** |

|  |  |
|---|---|
| and | * |
|  | * |
| **L. W., a minor child** | * |
| **c/o Lashea White** | * |
| **106 Jacob Street** | * |
| **Edgewood, Maryland 21040** | * |
|  | * |
| and | * |
|  | * |
| **A. D. W., a minor child** | * |
| **c/o Lashea White** | * |
| **106 Jacob Street** | * |
| **Edgewood, Maryland 21040** | * |
|  | * |
| **Plaintiffs** | * |
|  | * |
|  | * |
| v. | * |
|  | * |
| ~~DEPUTY SHERIFF JOHN / JANE DOE # 1~~ | * |
| **DEPUTY FIRST CLASS ANTHONY DIX** | * |
| **Harford County Sheriff's Office** | * |
| **45 South Main Street** | * |
| **Bel Air, Maryland 21014** | * |
|  | * |
| and | * |
|  | * |
| ~~DEPUTY SHERIFF JOHN / JANE DOE # 2~~ | * |
| **DEPUTY FIRST CLASS KEITH JACKSON** | * |
| **Harford County Sheriff's Office** | * |
| **45 South Main Street** | * |
| **Bel Air, Maryland 21014** | * |
|  | * |
| and | * |
|  | * |
| ~~DEPUTY SHERIFF JOHN / JANE DOE #3~~ | * |
| **DEPUTY FIRST CLASS STEVE MINTON** | * |
| **Harford County Sheriff's Office** | * |
| **45 South Main Street** | * |
| **Bel Air, Maryland 21014** | * |
|  | * |
| and | * |
|  | * |
|  | * |

~~DEPUTY SHERIFF JOHN / JANE DOE # 4~~     *
**DEPUTY FIRST CLASS VINCENT DENARDI**     *
**Harford County Sheriff's Office**     *
**45 South Main Street**     *
**Bel Air, Maryland 21014**     *
     *
**and**     *
     *
~~DEPUTY SHERIFF JOHN / JANE DOE # 5~~     *
**DEPUTY FIRST CLASS AMANDA MCCORMACK**     *
**Harford County Sheriff's Office**     *
**45 South Main Street**     *
**Bel Air, Maryland 21014**     *
     *
**and**     *
     *
~~DEPUTY SHERIFF JOHN / JANE DOE # 6~~     *
**DEPUTY FIRST CLASS DONNIE GIVIDEN**     *
**Harford County Sheriff's Office**     *
**45 South Main Street**     *
**Bel Air, Maryland 21014**     *
     *
**and**     *
     *
~~DEPUTY SHERIFF JOHN / JANE DOE # 1~~     *
**DEPUTY  FIRST CLASS CHRIS GIBBONS**     *
**Harford County Sheriff's Office**     *
**45 South Main Street**     *
**Bel Air, Maryland 21014**     *
     *
　　　　**Defendants**     *
*************************************************************************

## AMENDED
## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Tanya Williams, individually and as Personal Representative of the Estate of Arvel Douglas Williams, and Arvel Douglas Williams' seven minor children identified by their initials herein, by and through their attorney, Robert L. Smith, Jr., Esq., sue ~~seven (7) yet unnamed Deputy Sheriffs of the Harford County Sheriff's Office~~ **above**

**named Defendants**, and for cause, state as follows:

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §§1331 (federal question), 1343(a)(3) and (4) (civil rights).

2. The United States District Court for the District of Maryland is the proper venue for this action because the cause of action arose in Harford County, Maryland and Baltimore County, Maryland.

## PARTIES

3. Plaintiff, Tanya Williams ("Ms. Williams"), is a resident of the state of Maryland and resides at 1015 North Ashburton Street, Baltimore, MD 21717. Ms. Williams is the mother of the decedent, Arvel Douglas Williams, and is the Personal Representative of the Estate of Arvel Douglas Williams.

4. Plaintiff DJ is a minor child who was born October 16, 2000. Plaintiff D J is a son of the decedent, Arvel Douglas Williams, and resides in Harford County, Maryland.

5. Plaintiff TW is a minor child who was born March 7, 2003. Plaintiff TW is a son of the decedent, Arvel Douglas Williams, and resides in Harford County, Maryland.

6. Plaintiff KMW is a minor child who was born June 1, 2011. Plaintiff KMW is a son of the decedent, Arvel Douglas Williams, and resides in Harford County, Maryland.

7. Plaintiff KXW is a minor child who was born June 12. 2014. Plaintiff

KXW is a daughter of the decedent, Arvel Douglas Williams, and resides in Harford County, Maryland.

8. Plaintiff CW is a minor child who was born March 31, 2012. Plaintiff CW is a daughter of the decedent, Arvel Douglas Williams, and resides in Harford County, Maryland.

9. Plaintiff LW is a minor child who was born March 31, 2012. Plaintiff LW is a daughter of the decedent, Arvel Douglas Williams, and resides in Harford County, Maryland.

10. Plaintiff ADW is a minor child who was born October 18, 2014. Plaintiff ADW is a son of the decedent, Arvel Douglas Williams, and resides in Harford County, Maryland.

11. At all times relevant herein, ~~Defendant John / Jane Doe#1~~ **Defendant Deputy First Class Anthony Dix (hereinafter, "Deputy Dix") w**as employed as a Deputy Sheriff by the Harford County Sheriff's Office located at 45 South Main Street, Bel Air, MD 21014. At all times relevant herein ~~unnamed Defendant John / Jane Doe#1~~ **Defendant Deputy Dix** was acting within the scope of his ~~/ her~~ employment.

12. At all times relevant herein, ~~unnamed Defendant John / Jane Doe#2~~ **Defendant Deputy First Class Keith Jackson (hereinafter, "Deputy Jackson")** was employed as a Deputy Sheriff by the Harford County Sheriff's Office located at 45 South Main Street, Bel Air, MD 21014. At all times relevant herein ~~Defendant John / Jane Doe#2~~ **Defendant Deputy Jackson** was acting within the scope of his ~~/ her~~ employment.

5

13. At all times relevant herein, ~~unnamed Defendant John / Jane Doe#3~~ **Defendant Deputy First Class Steve Minton (hereinafter, "Deputy Minton")** was employed as a Deputy Sheriff by the Harford County Sheriff's Office located at 45 South Main Street, Bel Air, MD 21014. At all times relevant herein ~~Defendant John / Jane Doe#3~~ **Defendant Deputy Minton** was acting within the scope of his ~~/ her~~ employment.

14. At all times relevant herein, ~~unnamed Defendant John / Jane Doe#4~~ **Defendant Deputy First Class Vincent Denardi (hereinafter, "Deputy Denardi")** was employed as a Deputy Sheriff by the Harford County Sheriff's Office located at 45 South Main Street, Bel Air, MD 21014. At all times relevant herein ~~Defendant John / Jane Doe#3~~ **Defendant Deputy Denardi** was acting within the scope of his ~~/ her~~ employment.

15. At all times relevant herein, ~~unnamed Defendant John / Jane Doe#5~~ **Defendant Deputy First Class Amanda McCormack (hereinafter, "Deputy McCormack")** was employed as a Deputy Sheriff by the Harford County Sheriff's Office located at 45 South Main Street, Bel Air, MD 21014. At all times relevant herein **Defendant Deputy McCormack** was acting within the scope of ~~his /~~ her employment.

16. At all times relevant herein, ~~unnamed Defendant John / Jane Doe#6~~ **Defendant Deputy First Class Donnie Gividen (hereinafter, "Deputy Gividen")** was employed as a Deputy Sheriff by the Harford County Sheriff's Office located at 45 South Main Street, Bel Air, MD 21014. At all times relevant herein **Defendant Deputy Gividen** was acting within the scope of his ~~/ her~~ employment.

17. At all times relevant herein, ~~unnamed Defendant John / Jane Doe# 7~~ **Defendant Deputy First Class Chris Gibbons (hereinafter, "Deputy Gibbons")** was employed as a Deputy Sheriff by the Harford County Sheriff's Office located at 45 South Main Street, Bel Air, MD 21014. At all times relevant herein ~~Defendant John / Jane Doe#7~~ **Defendant Deputy Gibbons** was acting within the scope of his ~~/ her~~ employment.

## FACTS

18. On the night of August 20, 2014 at approximately 8:00 p.m., the decedent, Arvel Douglas Williams (hereinafter, "Williams") was seated in his 1994 Ford Ranger pickup truck, Maryland registration no.: 6BP2840, at or near the intersection of Route 7 (Philadelphia Road) and Route 152 in Harford County, Maryland.

19. At that time, ~~one or more of the unnamed Defendants~~ **Defendant Deputy Minter** observed Williams' vehicle and attempted to initiate a car stop. Upon information and belief, the attempted car stop was done without probable cause, reasonable suspicion or any cause or justification whatsoever.

20. Williams then drove westbound onto Route 7 from Route 152 and was closely followed by ~~one or more of the unnamed Defendants~~ **Deputy Minter. Williams was not raveling at a high rate of speed.**

21. ~~Williams, while still being followed by one or more of the unnamed defendants, encountered a Baltimore County police cruiser at or near the intersection of Philadelphia Road and Cowenton Avenue.~~

**21.** **Deputy Minter then called for additional officers to intercept**

7

**Williams' vehicle despite the fact that Williams was not traveling at a high rate of speed.**

22. ~~The Baltimore County police cruiser collided with Williams vehicle, causing it to become disabled.~~

22. **Williams, while still being followed by Defendant Deputy Minter, turned right onto Cowenton Avenue from Philadelphia Road toward Joppa Road. Williams then encountered a Baltimore County police cruiser, #914, at or near the roundabout intersection of Joppa Road and Cowenton Avenue.**

23. ~~Once Williams' vehicle became disabled, several of the unnamed defendants approached Williams' vehicle on foot with firearms drawn.~~

23. **The Baltimore County police cruiser collided with Williams' vehicle causing it to become disabled.**

24. ~~Williams was then removed from the vehicle either physically or by threat of force from one or more of the unnamed defendants.~~

24. **Once Williams' vehicle became disabled**, **Defendants Dix, Jackson, Minter, Denardi, McCormack, Gividen and Gibbons all approached Williams' vehicle on foot. Several of the Defendants drew their firearms upon approaching Williams.**

25. ~~Once Williams had been removed from the vehicle, several of the unnamed defendants violently, forcefully and maliciously threw him to the ground and violently and maliciously beat him about his face and body causing severe injury, pain and suffering to Williams.~~

8

**25.** Williams was then forcefully removed from his vehicle.

~~26. While several of the unnamed defendants were violently and maliciously beating Williams about the face and body, one or more of the unnamed defendants deployed taser guns, causing severe injury, pain and suffering to Williams.~~

**26.** Once Williams had been removed from the vehicle, the Defendants, forcefully and maliciously threw Williams to the ground and violently and maliciously beat him about his face and body causing severe injury, pain and suffering.

~~27. In all, one or more of the unnamed defendants against Williams, striking him with their taser guns at least three times while several other of the unnamed defendants violently, forcefully and maliciously beat him and held him to the ground.~~

**27.** While the defendants were violently and maliciously beating Williams about his face and body, Deputy Dix and Deputy Jackson, without cause or justification, deployed their taser guns, causing severe injury, pain and suffering to Williams.

~~28. Upon information and belief, Williams then exclaimed that he was in medical distress and exhibited physical signs to that effect.~~

**28.** In all, Defendants Dix and used their tasers against Williams, striking him in his upper torso at least three times while the remaining Defendants violently, forcefully and maliciously beat him and held him to the ground.

~~29. Paramedics responded to the scene. However, Williams died a short time later.~~

**29.** Upon information and belief, Williams then exclaimed that he was in medical distress and exhibited physical signs to that effect.

~~30.   Williams was unarmed and posed no threat to any of the unnamed defendants or others.~~

**30.** Paramedics responded to the scene. However, Williams died a short time later.

~~31.   Upon information and belief, all seven of the unnamed defendants were temporarily suspended from duty pending an investigation by the Baltimore County Police Department. However, pertinent police reports of the incident containing the identities of the unnamed defendants have not been made available to Plaintiffs.~~

**31.** Williams was unarmed and posed no threat of harm to any of the Defendants or any other person.

~~32.   As a result of the actions of these defendants, Williams was physically injured, even unto death, experienced great emotional distress, endured great pain and suffering, and was humiliated and has had his reputation among his friends and associates severely injured.~~

**32.** Upon information and belief, all seven of the Defendants were temporarily suspended from duty pending an investigation by the Baltimore County Police Department.

~~33.   At all times relevant hereto, the actions of Defendants in: (a) attempting to initiate a car stop of Williams without probable cause, reasonable suspicion or other cause or justification whatsoever; (b) forcefully causing Williams to be removed from his~~

~~vehicle by physical force and / or threat of physical force; (c) brutally assaulting the Plaintiff; (d) violently, forcefully and maliciously beating him about the face and body causing severe injury, pain and suffering; (e) forcefully, violently and maliciously deploying taser guns against Williams while holding him to the ground causing death, severe injury, and pain and suffering were all unlawfully performed by Defendants without warrant or justification, without probable cause, and were motivated solely by their wanton, malicious and reckless desire to inflict great emotional and physical distress and pain and suffering upon Williams.~~

**33.  As a result of the actions of these Defendants, Williams was physically injured, even unto death, experienced great emotional distress, endured great pain and suffering, and was humiliated and has had his reputation among his friends and associates severely injured.**

34.  At all times relevant hereto, the actions of Defendants in: (a) attempting to initiate a car stop of Williams without probable cause, reasonable suspicion or other cause or justification whatsoever; (b) forcefully causing Williams to be removed from his vehicle by physical force and / or threat of physical force; (c) brutally assaulting the Plaintiff; (d) violently, forcefully and maliciously beating him about the face and body causing severe injury, pain and suffering; (e) forcefully, violently and maliciously deploying taser guns against Williams while holding him to the ground causing death, severe injury, and pain and suffering were all unlawfully performed by Defendants without warrant or justification, without probable cause, and were motivated solely by their wanton, malicious and reckless desire to inflict great emotional and physical distress

and pain and suffering upon Williams.

## COUNT I

### (Violation of § 1983 of the United States Code Constitutional and Civil Rights Violations)
### (All Defendants)

35. Plaintiff incorporates herein the allegations complained of in paragraphs 1 through 34 of this complaint.

36. Volume 42, Section 1983 of the United States Code prohibits a law enforcement officer from taking unwarranted actions against a citizen of the United States under color of his authority as a police officer which violates rights guaranteed to that person under the United States Constitution and / or the laws and statutes of the United States.

37. The acts of all seven of the unnamed defendants in (a) attempting to initiate a car stop of Williams without probable cause, reasonable suspicion or other cause or justification whatsoever; (b) forcefully causing Williams to be removed from his vehicle by physical force and / or threat of physical force; (c) violently, forcefully and maliciously beating him about the face and body causing severe injury, pain and suffering; (d) forcefully, violently and maliciously deploying taser guns against Williams while holding him to the ground caused Williams' death, severe injury, and pain and suffering. These acts were all unlawfully performed by Defendants without warrant or justification and violated rights guaranteed to Williams under the Fourth and Fourteenth Amendments to the United States Constitution and/or 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs claim five million dollars ($5,000,000.00)

compensatory damages and ten million dollars ($10,000,000.00) punitive damages from all Defendants.

Respectfully submitted,

_____
Robert Smith, Jr., Esquire
Fed. Bar No. 024468
2317 North Charles Street
Baltimore, MD 21218
(410) 554-9022

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of this case.

_____
Robert Smith, Jr., Esquire