IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| TANYA WILLIAMS, et al. | * |
| Plaintiffs | * |
| v. | * Civil No.: ELH-17-2381 |
| DEPUTY FIRST CLASS ANTHONY DIX, et al. | * |
| Defendants | * |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, by and through their undersigned counsel, file this memorandum in opposition to Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, and state:

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 19, 2017, Plaintiffs filed their initial § 1983 complaint alleging that seven members of the Harford County Sheriff's Department essentially caused injury, and subsequent death, of Arvel Williams after they forcibly and violently removed him from his vehicle, beat him about his face and body, and deployed their taser guns. There is no dispute that the initial complaint was filed within the three year statute of limitations period. Plaintiff's, however, were unable to positively identify the seven Harford County sheriffs, and referred to them in the initial complaint as "Deputy Sheriff John / Jane Doe" #'s 1 through 7. On or about February 2, 2018, Plaintiffs moved for leave to amend the initial complaint. The amended complaint essentially did not change the substance of the initial complaint; it simply substituted the exact names of the deputy sheriffs previously identified as Sheriffs John / Jane Doe #'s 1 through 7. On February 5,

2018, this Court granted leave to amend "without prejudice to defendants' right to challenge" the Court's ruling as improvidently granted. On April 2, 2018, the Court "directed [plaintiffs] to effect service upon defendants by April 16, 2018 or, alternatively, to show cause and granted plaintiffs an additional 14 days, until April 16, 2018, to effect service on the defendants. On April 12, 2018 Defendants Dix, Jackson, Minton and Denardi were served via private process. However, Defendants McCormack, Gividen and Gibbons were not served until April 27, 2018 when counsel for defendants agreed to accept service on their behalf. .

Prior to filing the initial complaint, and in compliance with the Local Government Torts Claim Act, Md. C&J Code Ann. § 5-404, Plaintiffs' counsel timely sent a notice of claim to the Harford County Department of Law ("Law Department") adequately describing the same set of events set forth in Plaintiffs' initial complaint. (Ex.1). In response to the notice, the Law Department recommended that Plaintiffs' counsel send their notice of claim to the Maryland State Treasurer. Plaintiff's counsel then sent notice to the Maryland State Treasurer. The Maryland State Treasurer acknowledged receipt of Plaintiffs' counsel's notice and assigned claim no.: 01MD15SLC025. (Ex.2). At the time the respective notices were sent to both the Law Department and State Treasurer, the exact names of the Harford County sheriffs were unknown.

At this point, all seven defendants have moved to dismiss asserting that the plaintiffs' claims are barred by the applicable statute of limitations. Defendants further assert that the amended complaint violates the "relation back" doctrine. Plaintiffs respectfully disagree.

## **STANDARD OF REVIEW**

A motion to dismiss pursuant to F.R. Civ. P.12(b)(6) tests the sufficiency of [a] complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)" When ruling on [a Rule 12(b)(6) motion], a court must accept the well-pled allegations of the complaint as true and

construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F. 3d 472, 474 (4th Cir 1997).

This court should accept "as true all of the well-pleaded allegations and [view] the complaint in the light most favorable to the non-moving party." Lesueur-Richmond Slate Corp. v. Fehrer, 666 F.3d 261, 264 (4th Cir. 2012). A dismissal is appropriate when "even if the allegations of the complaint are true, the plaintiff is not entitled to relief as a matter of law." Hrehorovich v. Harbor Hospital Center, 93 Md. App. 772, 784 (1992).

A 12(b)(6) motion to dismiss for failure to state a claim is "rarely granted." Myers v. Guardian Life Ins. Co. of Am., 5 F.Supp 2d 423 (D.Miss. 1998), *citing* Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986); Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981).

The Court must construe the complaint in favor of the plaintiff and assume the truth of the facts pleaded. Brown v. Nationsbank Corp., 188 F. 3d 579, 586 (5th Cir. 1999). The complaint should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In a civil rights action, the court should not frustrate the broad remedial purpose of the statute by narrowly applying the exceptions to the limitations period. Briley v. State of Cal., 564 F.2d 849, 855 (CA Cal. 1977).

## **ARGUMENT**

F.R.C.P. 15(c)(1)(C) states that and amendment relates back to a the date of the original pleading when:

[T]he amendment changes the party or the naming of the party against whom a claim is against whom a claim is asserted if [the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original

pleading] and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Thus, under Rule 15(c)(1)(C), when the amendment changes the party against whom the claim is asserted, the amendment can relate back to the original pleading if two requirements are met. First, the amendment must set forth a claim that arises out of the occurrence set out in the original pleading. Second, within the time permitted by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment received notice such that he will not be prejudiced in defending on the merits, and he knew or should have known that the action would have been brought against him, but for a mistake concerning his proper identity.

First, it is clear that the claims set forth both in Plaintiffs' initial and amended complaints essentially are substantively identical. Indeed, the substance of the claim is not changing at all; the primary difference is that plaintiffs merely substituted the names of the defendants and identified their roles.

Second, the relevant date of notice here is April 16, 2018, since that is the date provided by Rule 4(m) that plaintiffs had to serve the defendants or show good cause why the case must not be dismissed. Rule 4(m) provides that defendants must be served within 90 days after the complaint is filed, but that if good cause is shown for failing to effect service within that time, the Court may extend the time for an appropriate period. Here, the date for serving the parties was extended until April 16, 2018, which is the relevant date of inquiry.

.

Four defendants, Dix, Jackson, Minton and Denardi, were all served on April 12, 2018. Thereafter, counsel for the parties stipulated to effecting service on the remaining defendants to occur on April 27, 2018. Because all seven defendants share the same defense counsel, the remaining defendants, Gividen, McCormack and Gibbons are imputed to have had notice within the statute of limitations period.

As such, defendants' motion must be denied.

Respectfully submitted,

/s/_____
Robert L. Smith, Jr.
2317 North Charles Street
Baltimore, MD 21218
(410) 554-9022 (office)
(410) 554-9024 (fax)
rlsmithatty@gmail.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of June, 2016, a copy of the foregoing Plaintiff's Response In Opposition to Defendants' Motion to Dismiss was served via electronic filing to Bradley J. Neitzel, Esquire, 220 South Main Street, Bel Air, MD 21014.

/s/_____