FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 DEC 27 PM 3: 37

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TANYA WILLIAMS, *Individually and as Personal Representative of the Estate of* ARVEL DOUGLAS WILLIAMS, *et al.*

    *Plaintiff,*

v.

ANTHONY DIX, *et al.*

    *Defendants.*

Civil Action No. ELH-17-2381

## MEMORANDUM OPINION

This litigation arises from the unfortunate death of 30-year-old Arvel Douglas Williams ("Mr. Williams" or the "Decedent"). ECF 1 (the "Complaint"). He died on August 20, 2014, while in the custody of the Harford County Sheriff's Office, following a high-speed chase, collision, and the use of tasers. *Id.* Tanya Williams, the Decedent's mother, individually and as the personal representative of the Estate of Mr. Williams, and his seven minor children, initiated this suit on August 19, 2017. *Id.* The Complaint asserts, pursuant to 42 U.S.C. § 1983, violations of Mr. Williams' rights under the Fourth and Fourteenth Amendments to the Constitution. *Id.* ¶¶ 34-36.

Plaintiffs initially filed the action as a "Doe" suit against seven unidentified Harford County Deputy Sheriffs. *Id.* ¶¶ 11-17. The Doe defendants were not identified by name until February 5, 2018, when plaintiffs filed an Amended Complaint. ECF 11.

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants have moved to dismiss the Amended Complaint (ECF 29), supported by a memorandum of law. ECF 29-1 (collectively, the "Motion"). They contend that, under Maryland's statute of limitations, the suit was untimely filed as to the named defendants. ECF 29-1 at 2. Plaintiffs oppose the Motion (ECF 34, the "Opposition"), and

included an exhibit that contains two letters. ECF 34-1. No reply has been filed, and the time to do so has expired. *See* Local Rule 105.2.

A hearing is unnecessary to resolve the Motion. *See* Local Rules 105.6. For the reasons that follow, I shall grant the Motion.

## I. Procedural and Factual Background

### A.

As noted, suit was filed on August 19, 2017. By November 17, 2017, plaintiffs failed to serve the defendants. *See* Fed. R. Civ. P. 4(m); ECF 3. Accordingly, on November 20, 2017, I directed plaintiffs to effect service upon defendants by December 4, 2017, or show cause why the claims against defendants should not be dismissed. *Id.* Plaintiffs moved for an extension of time to effect service until February 2, 2018. ECF 5. I granted the motion for extension. ECF 6. On February 2, 2018, I granted plaintiffs' motion for leave to file an Amended Complaint, substituting named defendants for the previously unnamed Deputy Sheriffs. ECF 10.

In an Amended Complaint filed on February 5, 2018 (ECF 11), plaintiffs identified the Doe defendants as Harford County Sheriff Deputies First Class Anthony Dix, Keith Jackson, Steve Minton, Vincent Denardi, Amanda McCormack, Donnie Gividen, and Chris Gibbons (collectively, the "Deputy Sheriffs"). By Order of April 2, 2018, I directed plaintiffs to effect service of process upon the named Deputy Sheriffs by April 16, 2018, or show cause as to why the claims against the defendants should not be dismissed. ECF 12.

On April 16, 2018, plaintiffs filed an "Answer to Show Cause and Motion for Enlargement of Time." ECF 24. In the motion, plaintiffs advised that Deputies Dix, Jackson, Minton, and Denardi were served on April 12, 2018. But, plaintiffs requested additional time to serve the remaining three defendants: Deputies McCormack, Gividen, and Gibbons. *Id.* I granted plaintiffs'

motion, directing them to effect service by April 27, 2018. ECF 25. Thereafter, defense counsel agreed to accept service for the three remaining defendants. ECF 27.

**B.**

The factual summary that follows is derived from the Amended Complaint. ECF 11.

At approximately 8 p.m. on August 20, 2014, Mr. Williams was driving his Ford pickup truck at or near the intersection of Routes 7 and 152 in Harford County, Maryland. *Id.* ¶ 18. Plaintiffs assert that at that time, Deputy Minter observed Mr. Williams's vehicle and "attempted to initiate a car stop," without "any cause or justification." *Id.* ¶ 19. Mr. Williams did not heed Deputy Minter's directive. *Id.* ¶ 20. Instead, Mr. Williams drove westbound on Route 7 from Route 152, and "was closely followed by Deputy Minter." *Id.* Plaintiffs maintain that Mr. Williams was not traveling at a high rate of speed. *Id.* Despite this fact, plaintiffs say, Deputy Minter "called for additional officers to intercept Williams' vehicle . . . ." *Id.* ¶ 21.

Mr. Williams turned right onto Cowenton Avenue from Philadelphia Road toward Joppa Road. *Id.* ¶ 22. At or near the roundabout of Joppa Road and Cowenton Avenue, Mr. Williams "then encountered a Baltimore county police cruiser, #914 . . . ." *Id.* The "police cruiser collided with Williams' vehicle causing it to become disabled." *Id.* ¶ 23. Once Mr. Williams's vehicle was disabled, Deputies Dix, Jackson, Minter, Denardi, McCormack, Gividen, and Gibbons "all approached Williams' vehicle on foot." *Id.* ¶ 24. Plaintiffs contend that "[s]everal of the Defendants drew their firearms upon approaching Williams." *Id.*

According to plaintiffs, Mr. Williams was "forcefully removed from his vehicle," "maliciously" thrown to the ground, and "violently and maliciously beat[en] . . . about his face and body causing severe injury, pain and suffering." *Id.* ¶¶ 25, 26. As other defendants continued to beat Mr. Williams, Deputies Dix and Johnson "deployed their taser guns" and, "without cause or

justification," used their tasers against Mr. Williams, "striking him in his upper torso three times . . . ." *Id.* ¶¶ 27, 28.

Plaintiffs maintain that Mr. Williams "then exclaimed that he was in medical distress and exhibited physical signs to that effect." *Id.* ¶ 29. "Paramedics responded to the scene," but Mr. Williams "died a short time later." *Id.* ¶ 30. Plaintiffs allege that Mr. Williams "was unarmed and posed no threat of harm to any of the Defendants or any other person." *Id.* ¶ 31.

Following Mr. Williams's death, "all seven of the Defendants were temporarily suspended from duty" by the Harford County Sheriff's Office, "pending an investigation by [the] Baltimore County Police Department." *Id.* ¶ 32.

## II. Standard of Review

### A. Rule 12(b)(6)

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S.

265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Cmm'w of Va.*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quotation marks and citation omitted). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*).

## B. Exhibits

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the

'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). Of import here, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

Plaintiffs did not submit any exhibits with their Amended Complaint. But, they appended an exhibit to their Opposition (ECF 34-1), consisting of two letters. Each letter is referenced in the Opposition, *see* ECF 34 at 2, but neither is mentioned in the Amended Complaint. *See* ECF 11.

The first letter is addressed from plaintiffs' counsel, Robert L. Smith, to Melissa Lambert, an attorney with the Harford County Law Department. ECF 34-1 at 1-2 ("First Letter").[1] The letter summarizes the circumstances surrounding Mr. Williams's death on August 20, 2014. *Id.* It also appears to provide notice of plaintiffs' claims in a related State case against Harford County, Maryland; the Harford County Sheriff's Office; and "unidentified/unknown sworn police officers of the Harford County Sheriff's Office." *Id.* at 1. The claims in that suit included wrongful death, assault, battery, excessive force, and violations of the Maryland Declaration of Rights. *Id.*

The Opposition explains that, in response to the First Letter, the Harford County Law Department advised plaintiffs' counsel to send plaintiffs' notice of claim to the Maryland State Treasurer's Office. ECF 34 at 2. Plaintiffs allege that counsel did so. *Id.* In response to plaintiffs' notice, Ray Garvey, a casualty claims adjuster in the Insurance Division of the Maryland State Treasurer's Office, sent a letter to Terry Mason, plaintiffs' counsel, on August 9, 2015. ECF 34-1 at 3 ("Second Letter"). The Second Letter is also appended to the Opposition. It states that the Maryland State Treasurer's Office received notice of the insurance claim filed on behalf of the Decedent, and assigned a claim number to the case: 01MD15SLC025. *Id.*

As noted, neither letter is mentioned in the Amended Complaint. Even if considered, however, they do not save the suit from dismissal, because the issue concerns the timeliness of the suit as to the named defendants.

### III. Discussion

Pursuant to 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other

---

[1] The date of the letter appears incorrect. ECF 34-1 at 1. The letter is dated February 13, 2013, but the Decedent's death occurred on August 20, 2014. *Id.*

person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g., Filarsky v. Deila*, 566 U.S. 377, 383 (2012); *Cox v. Duke Energy, Inc.*, 876 F.3d 625, 632 (4th Cir. 2017). However, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

As indicated, defendants have moved to dismiss plaintiffs' § 1983 claims under Rule 12(b)(6), on the basis that the defendants were not named until the Amended Complaint was filed and, on its face, the suit is time-barred as to them. ECF 29-1 at 2.

The bar of limitations is an affirmative defense, and is ordinarily not considered in the context of a motion to dismiss. However, "[w]hen it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss." *See Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002), *aff'd*, 92 F. App'x 933 (4th Cir. 2004); *see also Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) ("The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint.").

Section 1983 does not include a statute of limitations. *Hodge v. Coll. Of S. Md.*, 121 F. Supp. 3d 486, 496 (D. Md. 2015). However, "courts borrow the statute of limitations from Maryland personal-injury suits, which have a three-year limitations period." *Id.* (citing *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014)).

Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. C.J. § 5-101. "[T]he question

of accrual in § 5-101 is left to judicial determination, unless the determination rests on the resolution of disputed facts regarding discovery of the wrong." *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 131, 31 A.3d 212, 236 (2011) (internal quotation marks omitted); *see Bank of New York v. Sheff*, 382 Md. 235, 244. 854 A.2d 1269, 1275 (2004) (stating that summary judgment may be appropriate if there is no dispute of material fact as to whether plaintiff was on inquiry notice more than three years before suit was file); *Frederick Road Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 95, 756 A.2d 963, 973 (2000) (explaining that the determination of accrual "may be based solely on law, solely on fact, or on a combination of law and fact, and is reached after careful consideration of the purpose of the statute and the facts to which it is applied").

It is clear that plaintiffs' cause of action accrued on August 20, 2014, the date of the Decedent's death. *See* ECF 29-1 at 3; ECF 34 at 1. The initial Complaint, which named Deputy Sheriffs John/Jane Doe #1 through #7 as defendants, was filed on August 19, 2017, just before the expiration of limitations. *See* ECF 1. An Amended Complaint, which first identified by name defendants Dix, Jackson, Minton, Denardi, McCormack, Gividen, and Gibbons, was not filed until February 5, 2018, *i.e.*, after the expiration of limitations. *See* ECF 11. Thus, the question before the Court is whether, under Fed. R. Civ. P. 15(c), the Amended Complaint relates back to the date of the filing of the initial Complaint.

Under certain circumstances, an amended complaint may be regarded as having been filed on the date of the initial complaint. This convention is known as "relation back." *See* Fed. R. Civ. P. 15(c). According to Fed. R. Civ. P. 15(c)(1)(C), where an amended pleading "changes the party or the naming of the party against whom a claim is asserted," the amended pleading "relates back to the date of the original pleading," if:

> Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In other words, for an amended suit to relate back, three requirements must be met. First, Rule 15(c)(1)(B) must be satisfied. *See* Fed. R. Civ. P. 15(c)(1)(C). Rule 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading. . . ." This requirement is plainly satisfied here, because plaintiffs allege the same conduct in both the original Complaint and the Amended Complaint.

Second, the defendant must have received notice of the action within the period provided by Rule 4(m), such that it will not be prejudiced in defending itself on the merits. *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Rule 4(m) provides for service on a defendant "within 90 days after the complaint was filed."

As noted, plaintiffs filed their Complaint against the Doe defendants on August, 19, 2017. *See* ECF 1. Pursuant to Rule 4(m), plaintiffs were required to serve defendants by November 17, 2017, but failed to do so. ECF 3. Accordingly, I directed plaintiffs to effect service of process upon defendants by December 4, 2017, or to show cause as to why the claims against defendants should not be dismissed for failure to effect service of process. *Id.* On that date, I granted plaintiffs' motion for an extension of time to effect service until February 2, 2018. ECF 5.

By Order of February 5, 2018, I granted plaintiffs' motion for leave to file an Amended Complaint. ECF 10. That same day, plaintiffs filed their Amended Complaint, substituting named defendants for the previously unnamed Deputy Sheriffs. ECF 11. On April 2, 2018, I directed plaintiffs to effect service of process upon the named defendants by April 16, 2018, or to show cause why the claims against defendants should not be dismissed. ECF 12. Plaintiffs responded on April 16, 2018, with an "Answer to Show Cause and Motion for Enlargement of Time." ECF

24. In the motion, plaintiffs reported that Deputies Dix, Jackson, Minton, and Denardi were served on April 12, 2018, but they requested additional time to serve Deputies McCormack, Gividen, and Gibbons. *Id.* I granted plaintiffs' request, and directed them to serve the remaining defendants by April 27, 2018. ECF 25. Defense counsel then agreed to accept service for the remaining defendants. ECF 27.

Plaintiffs argue that they provided notice to the Deputy Sheriffs within the Rule 4(m) deadline. ECF 34 at 4. They assert that "the relevant date of notice here is April 16, 2018, since that is the date provided by Rule 4(m) that plaintiffs had to serve the defendants or show good cause why the case must not be dismissed." *Id.* The first four defendants were served on April 12, 2018. *Id.* at 5. As to the remaining three defendants, the parties stipulated to service on April 27, 2018. *Id.* But, because defendants "share the same defense counsel," plaintiffs maintain that the remaining defendants were also "imputed to have had notice" on April 12, 2018, by the relevant deadline of April 16, 2018. *Id.*

I should assume, *arguendo*, that plaintiffs satisfied Fed. R. Civ. P. 15(c)(1)(C). Nevertheless, plaintiffs do not satisfy the third requirement, *i.e.*, that the defendants "knew or should have known that the action would have been brought against [the], but for a mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c)(1)(C)(ii).

Defendants assert that the naming of the Doe defendants does not constitute a "mistake" for purposes of Rule 15(c)(1)(C)(ii). In support of this proposition, defendants rely, *inter alia*, on *Goodman v. Praxair, Inc.*, 494 F.3d 458, 475 (4th Cir. 2007) (en banc). In *Goodman*, the Fourth Circuit emphasized that the proper focus of the Rule 15(c) inquiry is not the nature of the plaintiff's "mistake," but what the party to be added "knew or should have known" prior to the expiration of

the statute of limitations. *Id.* The Supreme Court expressed this same principle in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010), another case cited by defendants.

In *Krupski*, the plaintiff was injured on a cruise ship. *Id.* Her ticket was issued by Costa Cruise Lines ("Costa"), the original defendant, but the ticket identified Costa Crociere S.p.A. ("Crociere") as the carrier and required notice to the carrier. *Id.* Suit was timely filed against Costa. *Id.* at 543. After limitations expired, the plaintiff was granted leave to amend to add Crociere as a defendant. *Id.* But, the district court and the Eleventh Circuit concluded that, under Fed. R. Civ. P. 15(c), the amendment did not relate back to the date of the timely filed complaint under Rule 15(c). *Id* at 545. The Supreme Court reversed. *Id.* at 546.

The Supreme Court made clear that any focus on the plaintiff's knowledge as to the proper defendant was "the wrong starting point." *Id.* at 548. It explained, *id.*: "The question under Rule 15(c)(1)(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere . . . but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." The Court added, *id.*: "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint.[]" (Emphasis in original). Moreover, the Court observed that "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.*

The *Krupski* Court observed that the complaint "made clear" that the plaintiff "meant to sue the company that 'owned, operated, managed . . . and controlled' the ship . . . .", *i.e.*, Crociere, not Costa. *Id.* at 554 (citation omitted). Thus, the failure to name the proper party was a mistake. *Id.* at 556. In reaching its decision, the Court pointed to the "interrelationship" between the two defendants and the similarity of their names, which "heighten[ed] the expectation that Costa

Crociere should suspect a mistake [was] made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities." *Id.*

In addition, the Court distinguished its holding from a case in which "the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, [wherein] the requirements of Rule 15(c)(1)(C)(ii) [would not] be met." *Id.* at 552. The Court explained that its intent was to draw a line that would protect the "strong interest in repose" of "[a] prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him," while preventing "windfall[s]" for those prospective defendants "who understood, or who should have understood, that [they] escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about [their] identit[ies]." *Id.* at 550.

Post-*Krupski*, I must ask what the Deputy Sheriffs knew or should have known prior to the expiration of the statute of limitations. Plaintiffs do not address this important question. *See* ECF 34 at 3-5. In any event, this case is unlike *Krupski*. In this case, the plaintiffs' initial Complaint did not name the wrong entity by mistake. Put another way, plaintiffs' failure to name the actual defendants in the original Complaint was not the product of error. *See, e.g., Barnes v. Prince George's Cty.*, 214 F.R.D. 379, 382 (D. Md. 2003) ("Given the near unanimity among the circuits . . . , the court cannot say that the naming of John Doe as a defendant constitutes the requisite mistake for the purpose of relation back."); *Heglund v. City of Grand Rapids*, 871 F.3d 572, 581 (8th Cir. 2017) (Plaintiffs "did not make a 'mistake' in the ordinary sense of the word when they intentionally sued 'John Doe' while known that he was not the proper defendant."); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("Generally, 'John Doe' pleadings cannot be used to

circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.") (Internal quotation marks and citation omitted). Neither the Complaint nor the Amended Complaint indicates that the Doe defendants "knew or should have known that 'prior to the expiration of the statute of limitations, [they] knew or should have known that [they] would be sued, but for a mistake by plaintiffs in suing John Doe [defendants].'" ECF 29-1 at 5 (citing *Daniels v. Carter-Jones Lumber Co.*, ELH-17-982, 2017 WL 5495959, at *6 (D. Md. 2017)).

In *McDaniel v. Maryland*, RDB-10-189, 2010 WL 3260007, at *5 (D. Md. Aug. 18, 2010), the plaintiff filed suit against the State of Maryland, two State transportation entities, a named Maryland police officer, and an unnamed "Doe" officer, alleging constitutional and common law violations during a traffic stop. *Id.* at *1. Defendants moved to dismiss all claims asserted against the Doe officer as untimely. *Id.* at *4. McDaniel sought leave to amend his complaint to include the officer's name. *Id.*

The court denied the defendants' motion as to the Doe officer, and granted McDaniel leave to amend his complaint. *Id.* at *6. In arriving at this conclusion, Judge Bennett found that the requirements of Rule 15(c)(1)(C) were satisfied and, therefore, the claims against the officer related back to the earlier Doe pleading. First, Judge Bennett determined that because the Office of the Attorney General of Maryland represented all defendants in the case, "the timely notice received by the entity [was] fairly imputed to" the Doe officer. Second, the court reasoned that the other defendants "had the means and ability to identify the John Doe officer, especially since his role [was] described in the Complaint and he [was] allegedly depicted in the audiovisual recording of the events." *Id.* at *5 (citation omitted).

These facts are markedly different from the facts in the case *sub judice*. As discussed, the only defendants in this action are the Deputy Sheriffs. Unlike in *McDaniel*, plaintiffs' Complaint did not specify the role of each Doe defendant who participated in the incident. Moreover, there is no basis in the submissions to establish that, prior to the expiration of the statute of limitations, the Deputy Sheriffs knew or should have known that they would be sued, but for plaintiffs' action in suing John/Jane Doe #1 through #7. *See Goodman*, 494 F.3d at 471 (pointing out that "while parsing among different kinds of mistakes does not typically aid application of the Rule, naming Doe defendants self-evidently is no 'mistake' such that the Doe substitute has received proper notice"); *Mesmer v. Rezza*, DKC-10-1053, 2011 WL 582578, at *3 (Feb. 9, 2011) ("A lack of knowledge of the true identity of a party does not qualify as a 'mistake' under Rule 15 . . . consequently, a later amendment substituting the real name of the John Doe defendant would not relate back to the time when the fictitious defendant was first sued.").

Accordingly, plaintiffs' Amended Complaint, which was filed after the expiration of the statute of limitations, is not saved by the doctrine of relation back.

### IV. Conclusion

Plaintiffs' claims against the Deputy Sheriffs are barred under Maryland's statute of limitations. Therefore, I shall grant defendants' Motion

An Order follows.

Date: December 27, 2018                                /s/
                                                      Ellen L. Hollander
                                                      United States District Judge